UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELISSA CORY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-22-518-G |
| | ) |
| COTERRA ENERGY INC. et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Plaintiff Melissa Cory brings this diversity action against Defendants Coterra Energy Inc. and Cimarex Energy Co., seeking relief on claims under Oklahoma law. Defendants have jointly filed a Motion to Dismiss (Doc. No. 13) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded (Doc. No. 14) and Defendants have replied (Doc. No. 16).[1]

    I.    *Plaintiff's Allegations*

The parties in this case are successors in interest to an oil and gas lease (the "Lease") burdening an 80-acre tract of Section 25, Township 15 North, Range 9 West in Kingfisher County, Oklahoma (the "Leased Property"). *See* Compl. (Doc. No. 1) ¶¶ 6, 12-13, 17; *see also* Defs.' Mot. at 5 n.1 (noting that in 2021, Cimarex Energy Co. merged with a subsidiary of a company now named Coterra Energy Inc.). The Lease was executed on March 14, 1977, between Plaintiff's predecessors, as lessors, and Defendants' predecessor,

---

[1] Following this briefing, Plaintiff also filed a "Reply," Doc. No. 16. This supplemental brief was unauthorized and has not been considered by the Court. *See* LCvR 7.1(i).

as lessee. *See* Compl. ¶ 13; *id.* Ex. 1, Lease (Doc. No. 1-1). The Lease provides for an initial term of three years, to continue thereafter so long as oil or gas "is or can be produced from [the Leased Property] or from land within which [the Leased Property] is pooled." Lease ¶ 2.

> The Lease includes a "pooling" clause, which provides, in part:
>
> Lessee, at its option, is hereby given the right and power to pool or combine the acreage covered by this lease or any portion thereof with other land, lease or leases in the immediate vicinity thereof, when in lessee's judgment it is necessary or advisable to do so in order to properly develop and operate said lease premises so as to promote the conservation of oil, gas or other minerals in and under and that may be produced from said premises or in order to obtain a larger production allowable from any governmental agency having control over such matters, *such pooling . . . to be into a unit or units not exceeding 160 acres each in the event of an oil well*, or into a unit or units not exceeding 640 acres each in the event of a gas well.

*Id.* ¶ 6 (emphasis added).

On July 31, 2015, the Oklahoma Corporation Commission ("OCC") entered Order No. 643680, establishing Section 25, Township 15 North, Range 9 West as a 640-acre horizontal well unit for the Mississippian common source of supply (the "Unit"). Compl. ¶ 46; *see* Defs.' Mot. Ex. 3, OCC Order No. 643680 (Doc. No. 13-3).[2] The OCC found that creation of the Unit was "necessary to protect correlative rights, prevent . . . waste[,] and obtain the greatest ultimate recovery of oil and gas." OCC Order No. 643680, at 8.

---

[2] The Court may consider OCC Order No. 643680 in deciding Defendants' Motion to Dismiss, as this Order is referenced in the Complaint and is central to Plaintiff's claims. In addition, the Court may take judicial notice of OCC orders and proceedings. *See Sinclair Oil & Gas Co. v. Bishop*, 441 P.2d 436, 441-42 (Okla. 1967).

2

Pursuant to OCC Order No. 643680, Defendants drilled and completed the Loretta 1-25H Well (the "Loretta Well"), a horizontal oil well, in the Unit. Compl. ¶¶ 57-60.

On July 22, 2020, Curtis Cory and Cheryl Cory filed suit in this Court against Cimarex Energy Company, asserting claims regarding the Leased Property for breach of contract, conversion, and declaratory judgment under Oklahoma law. *See Cory v. Cimarex Energy Co.*, No. CIV-20-706-G (W.D. Okla.) (the "First Lawsuit").[3] On March 23, 2021, the Court dismissed the plaintiffs' claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. *See id.*, 2021 WL 1108596 (W.D. Okla. Mar. 23, 2021). Judgment was entered that same date. *See id.*, J. (Doc. No. 22). No appeal or other challenge to that disposition was made.

On June 22, 2022, Curtis Cory filed the instant action pro se,[4] bringing claims for breach of contract, conversion, and trespass. *See* Compl. ¶¶ 70-109. Following Curtis Cory's death, Melissa Cory filed proof that she was the beneficiary of and had accepted Curtis Cory's interest in the Leased Property. *See* Doc. No. 19. Accordingly, Melissa Cory was substituted for Curtis Cory as Plaintiff. *See* Doc. No. 20.

II.    Relevant Standard

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "accept[s] as true all well-pleaded factual allegations in the complaint

---

[3] The Court may properly take judicial notice of its own records and acts, as well as facts that are a matter of public record, in considering Defendants' Motion to Dismiss. *See Johnson v. Spencer*, 950 F.3d 680, 705-06 (10th Cir. 2020).

[4] While the Court liberally construes litigants' pro se filings, it does not assume the role of Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III.   Defendants' Motion

Defendants argue in relevant part that Plaintiffs' claims are barred by issue preclusion. According to Defendants, this suit is substantively the same as the First Lawsuit, as it "involves the exact same Lease, OCC spacing, and oil and gas well, and again involves breach of contract and conversion premised on the exact same legal theory." Defs.' Mot. at 7 (footnotes omitted). Because "the threshold legal issues have already been decided," Defendants argue that dismissal is warranted. *Id.* at 10.

Issue preclusion—sometimes referred to as "collateral estoppel"—is an affirmative defense that "'prevents relitigation of facts and issues actually litigated and necessarily determined in an earlier proceeding between the same parties or their privies.'" *Terry v. Hitchcock*, No. CIV-18-1056-HE, 2019 WL 10888662, at *1 (W.D. Okla. Oct. 28, 2019)

(emphasis omitted) (quoting *Durham v. McDonald's Rests. of Okla., Inc.*, 256 P.3d 64, 66 (Okla. 2011)); *see also Sable v. City of Nichols Hills*, No. CIV-03-643-W, 2010 WL 11627911, at *8 (W.D. Okla. Mar. 3, 2010).[5] Under this doctrine, "once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not relitigate that issue in a suit brought upon a different claim." *Strong v. Laubach*, 153 F. App'x 481, 484 (10th Cir. 2005) (internal quotation marks omitted).

> To prevail upon its assertion of issue preclusion, a party must establish:
>
> 1) that the party against whom it is being asserted was either a party to or a privy of a party to the prior action; 2) that the issue subject to preclusion has actually been adjudicated in the prior case; 3) that the adjudicated issue was necessary and essential to the outcome of that prior case; and 4) the party against whom it is interposed had a full and fair opportunity to litigate the claim or critical issue.

*Terry*, 2019 WL 10888662, at *1 (emphasis and internal quotation marks omitted).

As to the first element, there is no dispute that the current parties either were parties to or are in privity with those in the First Lawsuit. *See supra*; *see also Terry*, 2019 WL 10888662, at *2 ("[T]he existence of privity . . . requires a person so identified in interest with another that he represents the same legal right." (internal quotation marks omitted)).

Regarding the second and third elements, "[a]n issue is actually litigated and necessarily determined if it is properly raised in the pleadings, or otherwise submitted for determination, and judgment would not have been rendered but for the determination of that issue." *Okla. Dep't of Pub. Safety v. McCrady*, 176 P.3d 1194, 1199 (Okla. 2007).

---

[5] In accordance with the parties' briefing, the Court applies Oklahoma law in determining whether issue preclusion bars the claims in this diversity action. *See* Defs.' Mot. at 8-10; Pl.'s Resp. at 8; *see also Terry*, 2019 WL 1088862, at *1 n.3.

5

The core contention of each of Plaintiff's instant claims—that Defendants violated the Lease's 160-acre pooling restriction by drilling the Loretta Well on an invalid 640-acre unit—was actually adjudicated in the First Lawsuit and the adjudication was necessary and essential to the outcome of that case. *See, e.g.*, *Cory*, 2021 WL 1108596, at *2 ("[T]he 160-acre pooling restriction was 'superseded' by OCC Order 643680, and therefore, Plaintiffs' claims fail as a matter of law."). Although Plaintiff attempts to distinguish her current suit by pointing to additional factual allegations presented in the Complaint, as well as the newly added trespass claim, the underlying issue of Defendants' alleged wrongdoing in light of OCC Order No. 643680 is common and material to all claims raised in both cases. *Compare, e.g.*, First Lawsuit Compl. ¶ 14 ("Cimarex violated [its contractual duty to refrain from combining the Corys' property with other property for the exploration of oil if the combined acreage is greater than 160 acres] when it drilled the Loretta Well combining the Corys['] mineral interest with other acreage to explore for oil on a 640 acre unit.") (Doc. No. 1, No. CIV-20-706-G), *with* Compl. ¶ 103 ("Coterra breached the lease, diluted and distributed Plaintiff's royalty outside the terms of the Lease and violated Oklahoma statutory law made a part of the Lease by combining the subject property with other lands into a 640-acre horizontal unit and drilling the Loretta, an oil well on a 640-acre horizontal unit, utilizing the pre-existing Lease, thus causing the Plaintiff economic harm."). Further, issue preclusion generally "bar[s] a party from relitigating an issue determined against that party in an earlier action" "even if the issue arises when the party is pursuing . . . a different claim" and "even if the second action differs significantly from

6

the first one." *Jones v. U.S. Dep't of Just.*, 137 F. App'x 165, 167 n.2, 168 (10th Cir. 2005) (internal quotation marks omitted).

Plaintiff also objects that, because the First Lawsuit ended in a dismissal issued "without prejudice," there was not an actual adjudication made for issue preclusion purposes. "For invocation of issue preclusion, there need . . . be . . . only a final determination of a material issue common to both cases." *McCrady*, 176 P.3d at 1199 (emphasis omitted)). In this context, such a "final" determination also has been described as "'one in which no appeal has been perfected within the time allotted by law or one in which an appeal has been properly perfected and acted upon by the highest court whose review has been sought.'" *Am. Fin. Life Ins. & Annuity Co. v. Youn*, 7 F. App'x 913, 915 (10th Cir. 2001) (quoting *Nealis v. Baird*, 996 P.2d 438, 459 (Okla. 1999)); *see also Depuy v. Hoeme*, 775 P.2d 1339, 1343 n.23 (Okla. 1989).

The disposition of the First Lawsuit was a determination of a material issue and was not appealed; it is therefore "final" for purposes of issue preclusion. *See id.*; *McCrady*, 176 P.3d at 1199; J., No. CIV-20-706-G (Doc. No. 22). While the judgment entered was one of dismissal without prejudice "to [Plaintiff] . . . returning later, to the same court," Plaintiff cites no authority to establish that this designation prevents Defendants from raising an issue preclusion argument upon such return more than one year later. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001); *see also In re Kauffman Mut. Fund Actions*, 479 F.2d 257, 267 (1st Cir. 1973) (holding that a dismissal without prejudice precluded the plaintiff "from relitigating the very question which was litigated in the prior action" (internal quotation marks omitted)); *cf. Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*,

7

365 F.3d 855, 859 & n.1 (10th Cir. 2004) ("Whether [the plaintiff] is barred from filing her claim in Colorado state court is a matter of claim-preclusion law that is not determined solely by how the federal court dismissal is styled. . . . . The state court's decision regarding whether claim preclusion prevents a state lawsuit will depend upon the basis of the federal court's dismissal, not the nomenclature employed by the federal court to describe the dismissal.").

Finally, Plaintiff disputes that she "had a full and fair opportunity to litigate the issue" because there are "facts outlined in the Complaint that were undeveloped and not presented" in the First Lawsuit, "including Defendants' specific unlawful actions taken to obtain 'orders.'" *Terry*, 2019 WL 10888662, at *2; Pl.'s Resp. at 8.  To the extent Plaintiff relies upon Defendants' alleged misdeeds affecting the fairness of proceedings before the OCC as a basis for Defendants' liability, however, the Court "ha[s] no jurisdiction to inquire into the facts determined in the OCC proceedings" and "may not permit a collateral attack upon the orders, rules and regulations of the OCC."  *Cory v. Newfield Expl. Mid-Continent, Inc.*, No. CIV-19-221-G, 2020 WL 981718, at *2-3 (W.D. Okla. Feb. 28, 2020) (internal quotation marks omitted).  It is further clear that this fourth element is satisfied by the First Lawsuit because "[b]oth sides made their arguments as to" Cimarex's alleged violation of the Lease's pooling restriction. *Terry*, 2019 WL 10888662, at *2.  Plaintiff's vague criticisms of her former counsel's advice and approach to this presentation do not demonstrate that Plaintiff was deprived of a full and fair opportunity to litigate or that application of issue preclusion "'would work an injustice upon'" Plaintiff.  *Chatman v. Buller*, No. 12-CV-182, 2013 WL 632355, at *7 (E.D. Okla. Feb. 20, 2013) (quoting *Carris*

*v. John R. Thomas & Assocs.*, 896 P.2d 522, 529 (Okla. 1995)); *see also McCrady*, 176 P.3d at 1199 ("The principle of issue preclusion operates to bar from relitigation both correct and erroneous resolutions of jurisdictional and nonjurisdictional challenges.").

"At bottom this case presents the same issues as [the First Lawsuit], packaged in a slightly different form." *Sharp v. State Farm Mut. Auto. Ins. Co.*, No. CIV-22-854-R, 2023 WL 2816856, at *4 (W.D. Okla. Apr. 6, 2023). The Court therefore finds that Defendants have shown that Plaintiff's claims should be dismissed.

## CONCLUSION

For all these reasons, Defendants' Motion to Dismiss (Doc. No. 13) is GRANTED. This action is DISMISSED with prejudice.[6] A separate judgment shall be entered.

Plaintiff's Motion for Status Conference (Doc. No. 26) is denied as moot.

IT IS SO ORDERED this 22nd day of August, 2024.

_____
CHARLES B. GOODWIN
United States District Judge

---

[6] "[A] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (internal quotation marks omitted).